[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff brings this action against the insurance company in two counts. The first count is a claim for benefits under the plaintiff's uninsured motorist coverage with the defendant company. It claims that under the policy the defendant "agreed to pay all sums which an insured or her legal representative was legally entitled to recover as damages from the owner of an uninsured or underinsured motor vehicle because of bodily injury . . .".
The second count of the complaint is in breach of contract. It claims that the defendant has breached its contractual agreement with its insured in that it has failed to comply with the provision that it pay the plaintiff for those damages she incurred as a result of the negligence of the uninsured driver. It claims that the defendant has not denied that the uninsured defendant is liable for the collision and the resulting injuries incurred by the plaintiff. It appears also that the plaintiff claims that because of the defendant's delay in paying the costs of her economic injury the plaintiff has been unable to pay her medical expenses and has incurred damage to her reputation.
The action is returnable February 29, 2000. Extension of time has been requested by the plaintiff to answer interrogatories. The defendant has also requested extensions of time for that purpose.
The defendant moves to strike the second count, breach of contract. The defendant claims that the plaintiff has failed to state sufficient facts to constitute a cause of action for breach of contract.
The plaintiff has not alleged that it has been determined as to the amount which she is entitled "to recover as damages from the owner of (the) uninsured or underinsured motor vehicle . . .". Without that amount having been determined the defendant, under the terms of the contract, cannot be held liable for failure to CT Page 4648 pay an undetermined amount. As to the claim for payment of medical bills, referred to at law as economic damages, the plaintiff concedes in her brief that the "defendant is not liable to pay everyone of the Plaintiff's medical bills." Therefore, concededly both economic and non-economic damages are uncertain. Even if a claim could be made that the bills are required to be paid, separate and apart from non-economic damages, which proposition finds no support in the contract, both elements of damages are uncertain. The complaint lack a statement that the amount of damages has been determined, such that failure to pay would be a breach of contract.
It appears that the plaintiff is advancing a proposition that the contract provides that the defendant make settlement offers to the plaintiff. The complaint alleges no specific paragraph or section of the contract which sets forth such a proposition. Although the plaintiff claims to have proposed a settlement amount to the defendant that does not compel negotiations by the defendant. Both the plaintiff and the defendant have the right to insist that the amount that the plaintiff is entitled to recover, if any, be determined by the legally provided method of a trial.
The complaint fails to allege that the amount of damages have been determined. The complaint fails to allege that the contract mandates settlement negotiations.
The second count is lacking in either of these essential allegations. Consequently the motion to strike the second count of the complaint is granted.
L. Paul Sullivan, J.